UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
[FT. LAUDERDALE DIVISION]

| | |
|---|---|
| ROBERT COPE, | Civil Action No.: _____ |
| Plaintiff, | |
| vs. | [Removal from the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida; Case No. CACE-16-011298 Division: 25] |
| SYNCHRONY BANK, N.A., | |
| Defendant. | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| _____/ | |

**NOTICE OF REMOVAL**

Defendant Synchrony Bank, improperly named in the State Court Complaint (the "Complaint") as Synchrony Bank, N.A. ("Synchrony"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notices removal of the state-court civil action known as *Robert Cope v. Synchrony Bank*, *N.A.* from the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, to the United States District Court for the Southern District of Florida, and in support thereof Defendant state as follows.

1. On or about July 8, 2016, Plaintiff Robert Cope ("Cope") served the Complaint on Synchrony in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida (the "State Court"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Except for the notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings, motions or papers have been filed with the State Court in this action.

- 2 –

3. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## **GROUNDS FOR REMOVAL**

**I.     Defendant Has Satisfied The Procedural Requirements For Removal.**

4. Synchrony was served with the Complaint on or about July 8, 2016. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

5. This Court is the proper division because it embraces the County of Broward, Florida, where Cope's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

6. No previous request has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, together with all Exhibits, is being served on Cope's counsel, and a copy is being filed with the State Court Clerk. A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit 2**.

**II.    Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

8. United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

9. Removal of such cases is governed by 28 U.S.C. § 1441(a). Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

10. Here, Cope's Complaint purports to assert a claim against Synchrony for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). *See* Complaint ¶ 1.

11. Cope's Complaint alleges violations of a federal statute—the TCPA—and consequently her claims "arise[] under" the laws of the United States. *See* 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over Cope's TCPA claim.

12. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendant Synchrony Bank, by counsel, respectfully requests that the above-referenced action, originally filed in the Circuit Court of the Seventeenth Judicial District in Broward County, Florida, , be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and Synchrony requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: July 28, 2016                Respectfully submitted,

*/s/ James R. Liebler, II*_____
MARC T. PARRINO
Florida Bar No. 0018197
Email: mtp@lgplaw.com
JAMES R. LIEBLER, II
Florida Bar No. 115348
Email: jrlii@lgplaw.com
LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626

*Attorneys for Defendant Synchrony Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28<u>th</u> day of July, 2016, a true and correct copy of the foregoing was served via email transmittal, first-class U.S. Mail, postage prepaid, upon the following:

Robert W. Murphy, Esq.
LAW OFFICE OF ROBERT W. MURPHY
1212 S.E. 2nd Avenue
Ft. Lauderdale, Florida 33316
Email: rphyu@aol.com; rwmurphy@lawfirmmurphy.com

            */s/  James R. Liebler, II*
            JAMES R. LIEBLER, II